UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERT A. ABPLANALP, | ) | 1:10-cv-00588 AWI MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS PETITION |
| | ) | |
| | ) | (Doc. 10) |
| NEIL H. ADLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Plaintiff is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss filed on November 11, 2010.

I. **JURISDICTION**

A. **Subject Matter Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner's claims that he was denied an evaluation for the Residential Drug Abuse Program ("RDAP"), and therefore denied the opportunity to receive up to a one year reduction of his sentence. See 18 U.S.C. § 3621(e)(2)(B); Reeb v. Thomas, No. 09 - 35815, 2011 U.S. App. LEXIS 4063 (9th Cir. March 3, 2011). If a constitutional violation affects the duration of a sentence, the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

### B.    Jurisdiction Over the Person

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948), overruled on other grounds in Braden, 410 U.S. at 493, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, at all pertinent times, Petitioner was incarcerated at the Taft Correctional Institution (TCI), which is located within the Eastern District of California. Petitioner named Neil H. Adler, the Warden of TCI, as Respondent.

Accordingly, the Court concludes that it has personal jurisdiction over the custodian.

### II.    PROCEDURAL GROUNDS FOR MOTION TO DISMISS

Respondent has filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6). (Mot. to Dismiss, ECF No. 10.) Along with the motion, Respondent has submitted signed declarations and documents. (Declarations, ECF Nos. 11-12.) Reading Respondent's arguments and submitted exhibits, it is clear that Respondent is, in essence, arguing the merits of Petitioner's claims, not a procedural deficiency such as lack of exhaustion or federal jurisdiction.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.[1] The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

As discussed above, the Rules Governing Section 2254 Cases do not expressly provide for motion practice; rather, such motion practice must be inferred from the structure of the rules themselves. Hillery, 533 F.Supp. at 1195. For example, Rule 12 provides as follows:

> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

Rule 12 of the Rules Governing Section 2254 Cases. Because of the peculiar and unique nature of habeas proceedings, as a general rule, neither motions to dismiss under Federal

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases; Fed. R. Civ. P 81(a)(4).

1  Rule of Civil Procedure 12(b)(6) nor summary judgment motions under Rule 56 are particularly
2  appropriate. Given the nature of a habeas corpus petition, <u>Anderson v. Butler</u>, 886 F.2d 111,
3  113 (5th Cir. 1989) (modern habeas corpus procedure has the same function as an ordinary
4  appeal); <u>O'Neal v. McAninch</u>, 513 U.S. 432, 442 (1995) (federal court's function in habeas
5  corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)), motions
6  for summary judgment are unnecessary because petitions may be decided immediately by the
7  Court following submission of the pleadings provided no material issues of fact exist.

8  　　　　Similarly, a Rule 12(b)(6) motion attacking the sufficiency of the pleading in the petition
9  does not comfortably fit within the habeas landscape either. As mentioned, the district court
10 is already tasked with the responsibility to initially screen the petition for sufficiency pursuant
11 to Rule 4 of the Rules Governing Section 2254 cases. Here, the Court's order requiring
12 Respondent to file a response was issued only after the Court had undertaken its Rule 4
13 obligation. Thus, at that point, the Court necessarily had already found the petition's pleadings
14 sufficient to proceed. Premising a motion to dismiss on Rule 12(b)(6), as Respondent has
15 done, is therefore redundant in that it essentially asks the Court to reconduct an already
16 completed pleading examination.

17 　　　　Although procedurally appropriate to do so, denying Respondent's motion to dismiss
18 solely on narrow procedural grounds and then requiring an answer that likely would raise the
19 same issue again would be an inefficient use of the parties' and the Court's time and
20 resources. The Court has the inherent power under the Rules Governing Section 2254 Cases
21 to construe Respondent's motion as an answer on the merits and Petitioner's opposition and
22 motion to dismiss as a traverse. So construing the filings, the Court would then be in a
23 position to rule on the merits of the petition without the need for further development of the
24 record or additional briefing.

25 　　　　Such an approach is entirely consistent with the Rules Governing Section 2254 Cases.
26 Historically, habeas practice provided only two dispositions for petitions: summary dismissal
27 or a full hearing. <u>Hillery</u>, 533 F.Supp. at 1196. However, the drafters of the present Rules
28 Governing Section 2254 cases believed that, in some instances, an intermediate process,

through the device of an expanded record under Rule 7 might be advantageous. Id. "The purpose [of Rule 7] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing…Authorizing expansion of the record will, hopefully, eliminate some unnecessary hearings." Advisory Committee Note to Rule 7.

In conclusion, the Court shall consider the present motion as an answer, and determine the rights of the parties accordingly.

### III. ANALYSIS OF CLAIMS

Petitioner presents two claims in his federal habeas petition. First, he asserts he was denied evaluation for the RDAP even though eligible for the program. Second, Petitioner asserts that he was denied a requested evaluation to determine if he would be eligible for early release if enrolled in the RDAP.

#### A. Federal Review of Residental Drug Abuse Program Determinations

The Ninth Circuit in Reeb v. Thomas, No. 09-35815, 2011 U.S. App. LEXIS 4063 (9th Cir., March 3, 2011), recently visited the issue of federal review of eligiblity of federal prisoners to participate in the RDAP. The issue was of first impression for the Ninth Circuit. Id. at *1. The Ninth Circuit summarized the RDAP:

> RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. The program utilizes both individual and group activities and requires at least 500 hours of treatment over a period of 6 to 12 months. Treatment is conducted in a unit set apart from the general prison population and is followed by institutional and/or community-based transitional programs. Successful completion of RDAP can result in up to a one-year reduction in a prisoner's sentence.

Id. at *2 (citations omitted).

Normally, the Administrative Procedures Act "provides a cause of action for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute,' but withdraws that cause of action to the extent that the relevant statute 'preclude[s] judicial review' or the 'agency action is committed to agency discretion by law.'" Reeb, 2011 U.S. App. LEXIS 4063 at *4. (citing 5 U.S.C. §§ 702-3.) Here, Congress specified that the APA does not apply to RDAP determinations. 18

1  U.S.C. § 3625; Reeb at *5. ("Congress specified in 18 U.S.C. § 3625, entitled Inapplicability
2  of the Administrative Procedure Act, that '[t]he provisions of sections 554 and 555 and 701
3  through 706 of [the APA] do not apply to the making of any determination, decision, or order
4  under [18 U.S.C. §§ 3621-3625].'") The Ninth Circuit found that allowing federal prisoners to
5  bring petitions for habeas corpus under 28 U.S.C. § 2241 would be inconsistent with the clear
6  language of the statute. Id. at *6. "Accordingly, any substantive decision by the [Bureau of
7  Prisons] to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for
8  completion of the program, is not reviewable by the district court." Id.

9       In the present case, Petitioner claimed that he was denied an eligibility evaluation for
10 the RDAP and further denied a determination as to whether his sentence could be reduced
11 by the RDAP. Petitioner does not assert any constitutional violation with regard to the RDAP
12 policy, only that he was denied review for the program. He asserts that Respondent's
13 determination, or in this case, the failure to determine if he was eligible for RDAP, was
14 improper. As "federal courts lack jurisdiction to review... individualized RDAP determinations
15 made pursuant to 18 U.S.C. § 3621", this Court lacks jurisdiction to provide relief in the
16 present matter. Reeb, 2011 U.S. App. LEXIS 4063 at *10-11.

17      Further, Respondent asserts that Petitioner's claims are moot. Petitioner received a
18 determination hearing after submitting this petition. He was found eligible, and placed on the
19 Drug Abuse Program wait list. (Mot. to Dismiss, ECF No. 10 at 2.) It was also determined that
20 Petitioner was not eligible for early release. (Id.) As this Court lacks jurisdiction to provide relief
21 with regard to RDAP determinations, it is not necessary to determine if the actions of
22 Respondent in those determinations made Petitioner's claims moot.

23      In sum, the Court lacks jurisdiction to review whether the determination that Petitioner
24 was not eligible for RDAP and a potential reduction in his sentence. Petitioner is not entitled
25 to federal habeas relief.

26 **IV.    RECOMMENDATION**

27      The Court lacks jurisdiction to review the determination that Petitioner was not eligible
28 to attend the RDAP or receive a reduction to his sentence. This Court therefore recommends

1  that Respondent's motion to dismiss be GRANTED and the petition be dismissed with
2  prejudice.

3    These findings and recommendations are submitted to the United States District Court
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
5  304 of the Local Rules of Practice for the United States District Court, Eastern District of
6  California. Within fourteen (14) days after being served with a copy, any party may file written
7  objections with the Court and serve a copy on all parties. Such a document should be
8  captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the
9  objections shall be served and filed within seven (7) days (plus three days if served by mail)
10 after service of the objections. The Court will then review the Magistrate Judge's ruling
11 pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections
12 within the specified time may waive the right to appeal the District Court's order. Martinez v.
13 Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 IT IS SO ORDERED.
18 Dated:   May 8, 2011              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE